UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

GARY G. DEROSA,

Debtor.
----------------------------------------------------------------X

Chapter 11

Case No.: 19-75395 (REG)

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application (the "Application") of Gary G. DeRosa (the "Debtor"), for an order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof; and it appearing that the relief requested is in the best interest of the Debtor, the estate, and creditors; and that adequate notice has been given and that no further notice is necessary; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in § 101(5) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") against the Debtor, which arose prior to the filing of the Chapter 11 petition on August 1, 2019 (the "Petition Date"), shall file a proof of claim in writing so that it is **received** on or before **November 15, 2019** (the "Bar Date"); and, it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before May 13, 2020 (the date that is 180 days after the date of the order for relief); and, it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. B410:

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access account) shall file proofs of claim electronically on the Court's Case Management/Electronic Case file ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Alfred M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722;

(c) Proofs of claim shall be deemed timely filed only when <u>received</u> by the Clerk of the Court on or before the Bar Date;

(d) Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and, it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any person or entity that has already properly filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York utilizing a claim form which substantially conforms to Official Form B410;

(b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "<u>Schedules</u>"), if (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated"; <u>and</u> (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c) Any holder of a claim that has already been allowed in this case by order of the Court;

(d) Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e) Any holder of a claim allowable under §§ 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and, it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the Order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the Order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an Order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable Order authorizing such rejection; and, it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and, it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any such amendment or supplement to the holders of claims amended thereby, and holders of such claims shall have thirty (30) days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and, it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and, it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claims that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be

treated as a creditor with respect to such claim for the purposes of voting and distribution; and, it is further

**ORDERED**, that notice of the Bar Date (the "Bar Order Notice") substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

(a) the Office of the United States Trustee;

(b) counsel to each official committee;

(c) all persons or entities that have filed a Notice of Appearance to date;

(d) all persons or entities that have filed claims against the Debtor;

(e) all creditors and other known holders of claims against the Debtor as of the date of this Order, including all persons listed on the Debtor's Schedules;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor;

(h) the Internal Revenue Service for the district in which the case is pending; and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(i) such additional persons and entities as deemed appropriate by the Debtor, and, it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and, it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the Debtor to seek a further Order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file proofs of claim or interest or be barred from doing so.



Dated: Central Islip, New York  
September 11, 2019

Robert E. Grossman  
United States Bankruptcy Judge